# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### WEST PALM BEACH DIVISION

CASE NO.

JULISSA MALDONADO,

     Plaintiff,

v.

**COMPLAINT AND TRIAL BY JURY DEMAND**

GULF COAST COLLECTION BUREAU, INC.

     Defendant.

_____/

## NATURE OF ACTION

1.     Plaintiff Julissa Maldonado ("Plaintiff") brings this action against Defendant Gulf Coast Collection Bureau, Inc., ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*, and the Fair Credit Report Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION, VENUE, AND STANDING

2.     This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.     "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to

the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.       "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)).  Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing.  *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.       "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7.       Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8.       The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).  "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

9.      "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

10.     The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11.     Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

12.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007) (quoting *Harris v. Beneficial Fin. Co. of Jacksonville*, 338 So. 2d 196, 200-01 (Fla. 1976)).

13.     "The FCCPA is to be construed in a manner that is protective of the consumer." *Id.*  With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of the federal act [the FDCPA].  In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  Fla. Stat. § 559.552.

14.     The FCCPA provides that "[i]n collecting consumer debts, no person shall . . . Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

15.     "To establish a violation under the Florida Consumer Collections Practices Act, Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

16.     In addition to actual and statutory damages, the FCCPA also provides for punitive damages.  "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## THE FAIR CREDIT REPORTING ACT

17.     The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

18.     "It is clear from the statute's legislative history that Congress intended that the FCRA be construed to promote the credit industry's responsible dissemination of accurate and relevant information and to maintain the confidentiality of consumer reports." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 633 (E.D. Va. 2016).

19.     In order to ensure fair and accurate credit reporting, "the FCRA requires a furnisher, upon receiving notice of a dispute, to report the results of the investigation and 'if the investigation finds that the information is incomplete or inaccurate, report' and correct those

results." *Abbot v. Experian Info. Sols., Inc.*, 179 F. Supp. 3d 940, 945 (N.D. Cal. 2016) (quoting 15 U.S.C. § 1681s–2(b)(1)(C)–(E)).

20.     "Upon being notified of a dispute by a [credit reporting agency], a furnisher must investigate and, if necessary, correct the information it reports." *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1106 (9th Cir. 2012).

21.     "Information can be incomplete or inaccurate within the meaning of the FCRA because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Abbot*, 179 F. Supp. 3d at 945 (internal citations omitted).

## PARTIES

17.     Plaintiff is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

18.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19.     Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

20.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

21.     Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

22.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

23.     Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

24.     Defendant uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

25.     Defendant is a "person" as defined by 15 U.S.C. § 1681a(c).

## FACTUAL ALLEGATIONS

26.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

27.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services with South Florida Gastroenterology (the "Debt").

28.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

29.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

30.     Plaintiff received medical services with South Florida Gastroenterology (the "Hospital").

31.     On or around June 24, 2016, Plaintiff paid the Debt in full with the Hospital.

32.     When Plaintiff made her payment, she spoke with the Hospital about her concern that the Debt might be reported on her credit reports.

33.     Plaintiff is planning on purchasing a home and is attempting to improve her credit score so that she may obtain a more favorable loan.

34.     The Hospital informed Plaintiff that it would instruct Defendant not to report the Debt.

35.     Plaintiff also reached out to Defendant on or around June 24, 2016 and was told by Defendant that it was not reporting the Debt on her credit reports.

36.     On or around June 29, 2016, Plaintiff obtained her credit reports and discovered that Defendant had, in fact, reported the Debt to each of the three major credit reporting agencies.

37.     Therefore, despite being informed by the Hospital that Defendant should not report the Debt on Plaintiff's credit reports and telling Plaintiff that the Debt was reported, Defendant did in fact report the Debt.

38.     On or around June 29, 2016, Plaintiff called and spoke with Defendant.

39.     During that conversation, Defendant denied that they were reporting the Debt.

40.     On June 29, 2016, Plaintiff emailed the Hospital to request that the Hospital tell Defendant to delete the account from her credit report.

41.     On June 30, 2016, a representative of the hospital, Terri Kastrinos, responded to Plaintiff's request.

42.      Ms. Kastrinos informed Plaintiff that she had contacted Defendant and requested that Defendant remove Plaintiff's Debt from her credit report, but that Defendant "advised [Ms. Kastrinos] it was never reported to the credit bureau."

43.     On June 29, 2016, Plaintiff disputed the Debt with TransUnion.

44.     Upon information and belief, TransUnion provided Defendant with notice of Plaintiff's dispute.

45.     On or before July 27, 2016, upon information and belief, Defendant confirmed with TransUnion that the Debt should continue to be reported Plaintiff's credit report.

46.     On July 27, 2016, TransUnion informed Plaintiff of the results of its investigation and that the Debt would continue to be reported.

47.     On or around June 29, 2016, Plaintiff also disputed the Debt with Experian.

48.     Upon information and belief, Experian provided Defendant with notice of Plaintiff's dispute.

49.     On or before July 25, 2016, upon information and belief, Defendant confirmed with Experian that the Debt should continue to be reported Plaintiff's credit report.

50.     On July 25, 2016, Experian informed Plaintiff of the results of its investigation and that the Debt would continue to be reported.

51.     On or around June 29, 2016, Plaintiff also disputed the Debt with Equifax.

52.     Upon information and belief, Equifax provided Defendant with notice of Plaintiff's dispute.

53.     On or before July 13, 2016, upon information and belief, Defendant confirmed with Equifax that the Debt should continue to be reported Plaintiff's credit report.

54.     On July 13, 2016, Equifax informed Plaintiff of the results of its investigation and that the Debt would continue to be reported.

55.     Defendant continued to report Plaintiff's Debt to the credit reporting agencies despite stating to both Plaintiff and the Hospital that it was not currently reporting the Debt.

56.     Defendant knew, or should have known, that it was reporting Plaintiff's Debt on her credit reports and that the statements it made to the contrary were false.

57.     Because Defendant refused to acknowledge that it was reporting Plaintiff Debt on her credit reports, Plaintiff and the Hospital were unable to discuss the removal of the Debt from Plaintiff's credit report.

58.     Defendant's failure to work with either Plaintiff or the Hospital to admit that it was reporting the Debt on Plaintiff's credit report is unfair and unconscionable.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(8)

59.    Plaintiff repeats and re-alleges each factual allegation above.

60.    Defendant violated 15 U.S.C. § 1692e(8) by communicating to any person credit information which is known, or which should be known to be false, including by telling both the Hospital and Plaintiff that it had not reported the Debt to the credit reporting agencies when, in fact, it had, and by continuing to report the Debt to the credit reporting agencies despite receipt of a dispute and reinvestigation, and despite knowledge that it had represented that it would not do so, and knowledge of the Hospital's instruction not to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)    Adjudging that Defendant violated 15 U.S.C. § 1692e(8);

   b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e)    Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f)    Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

61.    Plaintiff repeats and re-alleges each factual allegation above.

62.    Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of Plaintiff's Debt, including by falsely

representing that it would not report the Debt, and by continuing to report the Debt despite receipt of a dispute and reinvestigation, and despite knowledge that it had represented that it would not do so, and knowledge of the Hospital's instruction not to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

63.     Plaintiff repeats and re-alleges each factual allegation above.

64.     Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect, or attempt to collect, Plaintiff's Debt, including by reporting Plaintiff's Debt on her credit reports after being instructed by the Hospital not to report the Debt, by reporting Plaintiff's Debt on her credit reports while informing both the Hospital and Plaintiff that it had not reported the Debt to the credit reporting agencies, and by continuing to report it after receipt of a dispute and reinvestigation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692f;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1681s-2(b)**

52.    Plaintiff repeats and re-alleges each and every factual allegation above.

53.    Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to consumer reporting agencies, by failing to review all relevant information regarding the same, and by failing to appropriately respond to the consumer reporting agency.

54.    As a result of Defendant's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, and mental and emotional pain and anguish.

55.    Defendant's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

56.    In the alternative, Defendant's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF FLA. STAT. § 559.72(9)**

22.     Plaintiff repeats and re-alleges each and every factual allegation above.

23.     Defendant violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or asserting the existence of some other legal right when such person knows that the right does not exist, including by reporting the Debt to the credit reporting agencies despite multiple representations that it would not, and knowledge of the creditor's instruction not to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated Fla. Stat. § 559.72(9);

b) Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d) Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)   Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

65.   Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 13, 2017.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206